IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION,<br>Plaintiff,<br><br>v.<br><br>CAROLYN CAMPBELL, et. al.<br>Defendant. | CASE NO. 8:12-cv-395-T-30EAJ |

## DEFAULT FINAL JUDGMENT AND PERMENTANT INJUNCTION AS TO DEFENDANTS SHANE WHALEN AND CAROLYN CAMPBELL

This matter is before the Court upon the Amended Motion of Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") for Default Final Judgment against Defendants Shane Whalen and Carolyn Campbell ("Defendants"). For the reasons given below, and having considered the evidence and materials supplied and cited by Plaintiff in support of its motion, the Plaintiff's motion will accordingly be GRANTED. The judgment will be entered for the Plaintiff against the Defendants as follows:

## FINDINGS OF FACT

1. On February 3, 2012, Slep-Tone commenced this action against Defendants Shane Whalen and Carolyn Campbell and others as Case No. 8:12-cv-00395-T-30MAP in the Middle District of Florida (Doc. 1). The Complaint

1

alleges, in pertinent part, that Defendants engaged in trademark infringement involving counterfeiting, federal unfair competition, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.211.

2. On April 12, 2012, the Clerk entered a default as to each of the Defendants.

3. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448, and No. 4,099,045, for SOUND CHOICE®, U.S. Trademark Registration No. 2,000,725, and No. 4,099,052, for a display trademark SOUND CHOICE & Design® ("The Marks").

4. Slep-Tone has consistently used the ® symbol to denote the registration of the Marks and thereby to give notice to the public that the Marks are federally registered.

5. The Defendants have used a reproduction, counterfeit, or coy of the marks in connection with their providing karaoke services, by displaying that reproduction, counterfeit, or copy during the provision of their services.

6. The Defendants did not have a license to create digitized copies of the Plaintiff's karaoke discs or of the music tracks contained thereon.

7. An authorized digitized copy of the Plaintiff's karaoke discs or music tracks is counterfeit.

8. The Defendants did not have a license to use counterfeit tracks in connection with their provision of karaoke services. The Defendants' unauthorized use of counterfeits of the Marks are likely to cause consumer confusion by deceiving their customers and/or patrons into believing that the services are being provided with Slep-Tone's authorization.

9. Slep-Tone has been harmed by the Defendants' infringing activities.

10. The unauthorized copies of Plaintiff's karaoke tracks used by the Defendants have caused the Marks to be displayed at the Defendants' karaoke shows without authorization.

11. The marks so displayed are identical to the marks Slep-Tone has federally registered.

12. A reasonable estimate of the retail value of the Sound Choice-branded karaoke accompaniment tracks stored on a pirated computer hard drive is $44,378.00.

13. The use of counterfeit Sound Choice-branded karaoke accompaniment tracks by the Defendants were and are damaging to Slep-Tone as well as to the Defendants' legitimate competitors in the marketplace.

14. Plaintiff established that the Defendants' are not in active military service, and accordingly there is no impediment to the imposition of default judgments against them under the Servicemembers' Civil Relief Act.

## CONCLUSIONS OF LAW

1. By virtue of their default in this manner, the Defendants are deemed to have admitted those facts alleged in the Complaint that are material to Slep-Tone's claims against them.

2. By using counterfeit materials bearing the Marks to put on karaoke shows and by displaying the Marks during the course of those shows, the Defendants have committed acts that are likely to cause confusion among consumers of their services as to the authorization, sponsorship, and affiliation of their services with Slep-Tone. In particular, consumers who use the Defendants' services are likely to believe, falsely, that they have made use of genuine, authorized materials during the conduct of their respective business.

3. Accordingly, the Defendants' activities constitute trademark infringement involving counterfeiting.

4. The Defendants' same acts constitute a violation of §43(a) of the Trademark Act of 1946, as amended, in that the display of Slep-Tone's marks and the marks of other manufactures whose materials who have been similarly pirated constitutes a false designation of the origin of those materials.

5. The Defendants' same acts further constitute a *per se* violation of FDUTPA. *See TracFone Wireless, Inc. v. Accesss Telecom, Inc.,* 642 F.Supp.2d

1354, 1365 (S.D. Fla.2009) ("Engaging in trademark infringement is an unfair and deceptive trade practice that violates" FDUTPA).

6. Slep-Tone is entitled to a statutory damage award from the Defendants.

7. Permanent injunctive relief against the Defendants is necessary to prevent continuing harm to Slep-Tone.

8. An injunction forbidding the use of all unauthorized copies of karaoke tracks, whether belonging to the Plaintiff or otherwise, is an appropriate remedy for the federal unfair competition and FDUTPA violations and would be appropriate to protect the rights of the Plaintiff, its legitimate downstream customers, and the public at large.

9. Seizure of the Defendants' computer hard drives containing the unauthorized copies of karaoke tracks, the use of which would violate the injunction, is both authorized by the Trademark Act and necessary to provide meaningful enforcement of an injunction.

In view of the foregoing Findings of Fact and Conclusions of Law, it is accordingly ORDERED that the Amended Motion of Plaintiff Slep-Tone Entertainment Corporation to Enter a Final Judgment against Defendants Shane Whalen and Carolyn Campbell, is hereby **GRANTED**. It is therefore **ORDERED and ADJUDGED** as follows:

1. Pursuant to 15 U.S.C. §1117, judgment is hereby entered in favor of Plaintiff Slep-Tone and against Defendants Shane Whalen and Carolyn Campbell for statutory damages in the principal amount of $100,000.00, or $50,000 individually, for which sum let execution issue.

2. Interest from the date of entry of this judgment shall accrue at the legal rate, pursuant to 28 U.S.C. §1961.

3. The Defendants, their agents and employees, and all persons in active concert or participation with them and having knowledge of this Order are hereby permanently **ENJOINED** (a) from using (including making, copying, sharing, distributing, selling, or otherwise using, and particularly including use to provide karaoke services), commercially or otherwise, any karaoke accompaniment track that is marked with either the mark in U.S. Trademark Registration No. 1,923,448, and No. 4,099,045, for SOUND CHOICE®, U.S. Trademark Registration No. 2,000,725, and No. 4,099,052, for display trademark SOUND CHOICE & Design®, without the prior, express written permission of Slep-Tone or its successors-in-interest, if any, to the ownership of those marks, and (b) from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks commercially or otherwise, which tracks are marked with any mark or other designation belonging to any person from whom

the Defendants have not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

4.  It is further ordered that Defendants, within fourteen (14) days of the entry of this Order, shall deliver up to Slep-Tone at the office of its local attorney, each and every computer hard drive or other storage device of whatever type or description, which drive or device contains any karaoke accompaniment track, the use of which is enjoined under paragraph 3 above. If Defendants shall fail to do this within the required time, upon the certification of Slep-Tone or its attorney, the United States Marshals Service is hereby authorized, directed, and ordered to effectuate a seizure of such drives and devices, wherever they may be found; to enter upon private property as necessary to accomplish said seizure; to arrest and to bring before the Court any person who interferes with said seizure, such interference being punishable as contempt; and to deliver the drives or devices to Slep-Tone's attorney, Yanger Law Group, P.A., located at 217 N. Lois Avenue, Tampa, FL 33609. The expense of any seizure under this paragraph shall be taxable to the Defendants as costs.

5.  Within thirty (30) days of receipt of the drives or devices, Slep-Tone shall cause the drives or devices to be cleared of all data, if practicable, or destroyed, if not. Slep-Tone shall maintain an inventory of all such drives or

devices and shall, upon completion or data-clearing under this paragraph, return all non-destroyed devices to the Defendants.

6. The Court retains jurisdiction for a period of one (1) year over this cause and over the parties for the purposes of enforcing the foregoing relief and entering all further post-judgment orders that are just and proper.

DONE and ORDERED in Tampa, Florida, on _11 Jan._, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies To:
egegan@floridalawyer.com, jlord@floridalawyer.com

bill.yanger@yangerlaw.com, ktravers@yangerlaw.com,

Tiffany Jensen, 118 6th Ave. N., St. Petersburg, FL 33701;

Shane Whalen, 12754 Kingfish Dr., Treasure Island, FL 33706-5022; and

Carolyn Campbell, 3400 Roxbury Drive, Holiday, FL 34691-4753.